UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00451-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

PATRICK J. PETERSON,

     Defendant.

---

## ORDER

---

On Appeal from the United States Magistrate Judge for the District of Colorado

The Honorable Michael E. Hegarty
United States Magistrate Judge

Magistrate's Case No. 08-mj-07004-MEH-01

---

THIS MATTER is before the Court on Defendant Patrick J. Peterson's appeal of Magistrate Judge Michael E. Hegarty's judgment of October 16, 2008, in which Defendant was sentenced to one year of custody in the United States Bureau of Prisons. Defendant filed Notices of Appeal on October 22, 2008 [doc. #25] and October 23, 2008 [doc. #26]. Defendant then filed his opening brief on December 15, 2008. The Government filed an answer brief on January 16, 2009, and Defendant replied on January 30, 2009. For the reasons stated below, I will affirm Magistrate Judge Hegarty's sentence.

I.    **FACTUAL BACKGROUND**

On February 20, 2008, an Information [doc. #5] was filed in this Court charging

Defendant with Driving Under the Influence in violation of 18 U.S.C. § 13, incorporating

C.R.S. § 42-4-1301(1)(a).   On the same date, Defendant pleaded guilty to the

Information pursuant to a non-binding plea agreement [doc. #8], wherein, among other

things, the government agreed to recommend a ninety-day sentence, with seventy days

suspended.   Sentencing was set for April 16, 2008.

On April 15, 2008, Defendant was arrested in Larimer County, Colorado, after

being involved in a single-vehicle rollover accident.   (Presentence Investigation Report

("PSIR") [doc. #37-3] SA-1.[1])  He admitted to a state trooper, "I just wanted to go out

and have a good time before I go to jail tomorrow."  (*Id.*)  On June 3, 2008, Defendant

pleaded guilty to DUI in Larimer County Court.  (*Id.*)  On June 24, 2008, he was

sentenced to 180 days of incarceration, three years of probation, eighty hours of

community service, and $1,280 in costs.  (*Id.*)  Defendant served the 180-day sentence

day-for-day.  (*Id.* at SA-2; Sentencing Hr'g Tr. [doc. #32] 2, Oct. 15, 2008.)   As a result,

Defendant failed to appear at his sentencing hearing in the present action, which was

eventually reset to October 15, 2008, and a bench warrant was issued against him and

executed [doc. #17].

At the October 15, 2008 sentencing hearing, Probation did not alter its original

recommended sentence of 120 days, and counsel for the Government said he would

ultimately defer to Magistrate Judge Hegarty's judgment though he considered

_____

[1] There is no record of any objections from either side to the PSIR or its addenda.  (*See* PSIR A-1, SA-1.)

Probation's recommendation to be fair.  (Hr'g Tr. 6.)  Nonetheless, Magistrate Judge

Hegarty sentenced Defendant to the statutory maximum of one year of incarceration,

citing the purposes set forth in 18 U.S.C. § 3553(a)(2).  (*Id.* at 10.)  After citing the

safety of the community, he stated:

> And the major aggravating factor here is not even the fact that it's the fifth
> offense -- or the fourth and you subsequently got a fifth, but the fact that
> you knew you were going to jail before you were going to get sentenced in
> this Court.  And as a way of dealing with going to jail, you got drunk and
> had another offense the day before you were to be sentenced.

(*Id.* at 7.)  He proceeded to cite the need for "more than a slap on the wrist" in order to

promote respect for the law and the courts.  (*Id.* at 8.)  Finally, he noted his obligation to

protect the public as well as Defendant.  (*Id.* at 9.)  On October 16, 2008, Magistrate

Judge Hegarty entered judgment, which Defendant presently appeals.

## II.   STANDARD OF REVIEW

A criminal defendant convicted by a federal magistrate judge has a right of

appeal to the district court of the district in which the offense was committed.  18 U.S.C.

§ 3402.   "The scope of the appeal is the same as in an appeal to the court of appeals

from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  The

language of 18 U.S.C. § 3742 directs the reviewing court to determine whether a

sentence imposed for an offense "for which there is no applicable sentencing guideline"

is "plainly unreasonable."  18 U.S.C. § 3742(a)(4); 18 U.S.C. § 3742(e)(4).

However, it is not clear whether the statutory "plainly unreasonable" standard

continues to apply in light of *United States v. Booker*, 543 U.S. 220 (2005), in which the

Supreme Court held that sentencing guidelines are not mandatory, only advisory, and

that the standard of review under section 3742(e) is unreasonableness.  *Id.* at 245, 261;

*see also United States v. Galaraza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006).  The Seventh Circuit has observed, "From the twelve circuits, five different approaches have emerged."  *United States v. Bolds*, 511 F.3d 568, 574 (7th Cir. 2007) (citing cases). The Tenth Circuit has stated, "As it stands, the relationship between the 'plainly unreasonable' standard and the post-*Booker* 'reasonableness' standard is less than crystal clear."  *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006).  However, in *Rodriguez-Quintanilla*, the Tenth Circuit acknowledged, "We have hinted . . . that the prior standards of review survive *Booker*."  *Id.* at 1257 (citing *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005)); *see also United States v. Shields*, 221 Fed. App'x 787, 789 (10th Cir. April 12, 2007) (holding that because there is no applicable sentencing guideline governing the imposition of sentences for violations of supervised release, the standard of review is plainly unreasonable and remains unchanged by *Booker*) (citing *Tedford*, 405 F.3d at 1161); *Bolds*, 511 F.3d at 575 ("The Tenth Circuit appears to agree with the Fourth and Seventh Circuits that Booker did not change the standard of review of supervised release revocation sentences, but concludes that review under this standard is the same as under the Booker-created standard-- sentences will be upheld if they are 'reasoned and reasonable.'") (citing *Tedford*, 405 F.3d at 1161).  The Tenth Circuit concluded, "At this time, however, we need not establish the exact contours of our post-*Booker* standard of review," given the facts of the case.  *Rodriguez-Quintanilla*, 442 F.3d at 1258.

Similarly, I find that I must affirm Magistrate's Judge Hegarty's sentence notwithstanding the lack of clarity in the standard of review.  In order to determine whether a sentence is "plainly unreasonable," I first must determine whether a sentence

is "unreasonable." *See United States v. Finley*, 531 F.3d 288, 294 (4th Cir. 2008).

Therefore, because I ultimately find that Magistrate Judge Hegarty's sentence is

reasonable, I will affirm it and need not proceed to a "plainly unreasonable" review. *See*

*id*. The Tenth Circuit "review[s] sentences for reasonableness under a deferential

abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.

2008) (citing *Gall v. United States*, 128 S. Ct. 586, 591, 594 (2007)).

> Reasonableness review is comprised of a procedural component and a
> substantive component. A sentence is procedurally unreasonable if the
> district court . . . fails to consider the § 3553(a) factors, relies on clearly
> erroneous facts, or inadequately explains the sentence. A sentence is
> substantively unreasonable if the length of the sentence is unreasonable
> given the totality of the circumstances in light of the 18 U.S.C. § 3553(a)
> factors.

*Haley*, 529 F.3d at 1311 (citations omitted).

**III.    APPLICATION TO PRESENT CASE**

I find that Magistrate Judge Hegarty's sentence of one year is procedurally

reasonable because he explained his sentence through a consideration of the 3553(a)

factors and he did not rely on clearly erroneous facts. *See id.* The Tenth Circuit has

"emphasized that the sentencing court is not required to consider individually each

factor listed in § 3553(a) before issuing a sentence." *Rodriguez-Quintanilla*, 442 F.3d at

1259 (quotation omitted). In addition, the Tenth Circuit does "not demand that the

district court recite any magic words to show [ ] that it fulfilled its responsibility to be

mindful of the factors that Congress has instructed it to consider." *Id.* (quotation

omitted). In the present case, Magistrate Judge Hegarty explicitly cited § 3553(a)(2)

before imposing his sentence, and his explanation relied on three of the four factors

under 3553(a)(2). *See* 18 U.S.C. § 3553(a)(2) (directing the court to consider the

imposed sentence's need "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant"). Defendant argues that Magistrate Judge Hegarty failed to consider other factors, but the Tenth Circuit precedent plainly does not require him to have described his consideration of each factor.

Furthermore, I find the sentence to be substantively reasonable because it is reasonable given the totality of the circumstances in light of the 3553(a) factors. *See Haley*, 529 F.3d at 1311. In particular, other courts have upheld severe sentences for DUI in light of aggravating factors. *See Finley*, 531 F.3d at 293; *United States v. Hoppstein,* No. CR. 2:07CR11, 2007 WL 2022008 (W.D.N.C. Jul. 10, 2007). The defendant in *Finley* was arrested for DUI on a military base and sentenced to twenty-seven months' imprisonment. 531 F.3d at 290. The Fourth Circuit upheld the sentence as reasonable, finding that because the defendant had served little jail time for a previous DUI charge, a more substantive sentence was necessary to deter the defendant from continuing his pattern of behavior. *Id.* at 291, 295. In *Hoppstein*, the Western District of North Carolina upheld a sentence at the statutory maximum of five months where the magistrate judge had considered as an aggravating factor the presence of the defendant's six-year-old son in the back seat when the defendant committed the DUI offense. 2007 WL 2022008 at *2. Like the sentences in *Finley* and *Hoppstein*, Magistrate Judge Hegarty's sentence accounts for the aggravating factor of Defendant's repeated DUI offenses, which include an offense the night before his originally scheduled sentencing. Furthermore, the Tenth Circuit has upheld a statutory

maximum sentence that exceeded the government's recommendation. *United States v. Rowe*, 110 Fed. App'x 92 (10th Cir. Oct. 4, 2004).  Accordingly, because of the deferential nature of my review, Magistrate Judge Hegarty's consideration of the 3553(a) factors, and the substantive reasonableness of his sentence in light of relevant case law precedent, I find the statutory maximum sentence of one year to be reasonable.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Magistrate Judge Michael E. Hegarty's sentence of one year of custody in the United States Bureau of Prisons is **AFFIRMED**.

Dated: April 30, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge